## Saeger's Appeal.

 1. In January 1872, S. sold and conveyed to F. eighty acres of land, and as security for the payment of the purchase-money, $2750, took from F. and his wife their joint mortgage of the land so conveyed, together with a small tract called the "Homestead," which belonged to Mrs. F. in her own right. The mortgage payable in six instalments, with interest, contained this clause: "Provided that as soon as the said first party shall pay to the second party the sum of $1000, of the purchase-money aforesaid, then the last-mentioned and described tract (Homestead) shall be released from said mortgage." After making payments aggregating $983.75, and tendering the further sum of $61, the mortgagor demanded a release of the Homestead tract under the terms of the agreement. S. contended that the payments should be first applied to the accrued interest on the whole mortgage debt, and then on account of the principal, and claiming that the mortgagees were in default, issued a scire facias to collect the residue of the $2750, by sale of both tracts of land. F. then filed a bill in equity, praying for a decree requiring the mortgagee to release the Homestead tract: *Held*, that the court had jurisdiction: *Held*, *further*, that the release was properly ordered to be granted.

 2. The court imposed the costs upon S.: *Held*, that this was error.

 November 24th 1880. Before Mercur, Gordon, Paxson, Trunkey, Sterrett and Green, JJ. Sharswood, C. J., absent.

 Appeal from the Court of Common Pleas of *Crawford county*: Of October and November Term 1880, No. 310. In Equity

 Bill in equity filed by Ezra Brookhouser, administrator of Joseph Fox, deceased, and Rebecca Fox, his wife, against Charles Saeger, executor of Isaac Saeger, deceased, to restrain the collection of certain moneys on a mortgage and to compel the release of the lien of said mortgage on certain land.

 The material facts are stated in the opinion of this court.

 *F. L. Blackmarr*, for appellant.—The plaintiff's bill should have been dismissed for want of jurisdiction. The defendant claims that the payments made by plaintiffs from time to time should be first applied upon the interest of the whole face of the mortgage, and the balance, if any, applied to the principal until it is reduced in the aggregate to $1000. Without any stipulation for a waiver of the statutory delay of issuing scire facias this mortgage was entitled to collect all of the money secured by the bond and mortgage, for the last instalment thereof was due January 1st 1877, and the scire facias did not issue until April 4th 1879, and plaintiff's bill was not filed until September 19th 1879. We think the court exceeded their discretion under all the facts of this case, in order-

ing the appellant to pay all the costs from the filing of his answer, viz., $127.46, and ordering the appellees to pay only $3, which are all the costs prior to filing of the answer.

*J. N. McCloskey* and *William R. Bole*, for appellees.—It is contended by the plaintiffs that they should be required to pay just $1000 and no more, to be entitled to a release of the mortgage upon the twenty-three acres more or less, or "Homestead," under their agreement and terms in the mortgage, and that they have already paid or tendered more than that amount, and therefore are entitled to such release.    In equity the right of redemption is considered as inseparably incident to a mortgage and can no more be restrained than the power of a tenant in fee to a lien generally : Powell on Mortgages 19 ; 2 Story's Eq., § 1019.    The complainant seeks the specific performance of the covenant contained in the mortgage.    The jurisdiction of a court of equity, because of this covenant, is as complete in this case as in any, where the specific performance of a contract may be enforced.    Besides this the mortgagee, after the payment of the purchase-money due on the mortgage, held the title as trustee for the mortgagors ; and our courts have jurisdiction in equity by virtue of the provisions in our statutes, which confer equitable jurisdiction over trust moneys and property.    The fact that similar cases are remedied through common-law forms, is no bar to equitable jurisdiction : Westley Church *v.* Moore, 10 Barr 173 ; Gard *v.* Patton, Id. 282.    The writ of scire facias is a remedy given the mortgagee to collect his debt, and does not take away the right of the mortgagors to enforce their equity of redemption by an appeal to a court of equity, or their right to have the contract specifically performed.    The mortgagors in this case were old and illiterate.

Mr. Justice STERRETT delivered the opinion of the court, January 3d 1881.

In January 1872, appellant sold and conveyed to Joseph Fox eighty acres of land, and as security for the payment of $2750, purchase-money thereof, took from the grantee and his wife their joint mortgage of the land so conveyed, together with a small tract called the "Homestead" containing about twenty-three acres, sixteen acres and twenty-four perches of which belonged to Mrs. Fox in her own right.    She was therefore surety for her husband, at least to the extent that her separate property was thus pledged for his debt.

The mortgage, payable in six instalments with interest, contained the following clause : "Provided that as soon as the said first party shall pay to the second party the sum of $1000 of the purchase-money aforesaid then the last mentioned and described tract of twenty-three acres shall be released from this mortgage."    After

making several payments, amounting in the aggregate to $983.75, and tendering the further sum of $61, the mortgagors demanded a release of the "Homestead" tract, claiming they were entitled thereto by the terms of the agreement. The appellant on the other hand contended that the payments should be first applied to the accrued interest on the whole mortgage debt, and then on account of the principal; and, claiming that the mortgagors were in default, he issued a scire facias for the purpose of collecting the residue of the $2750 by sale of both pieces of land. The bill was then filed, setting forth the facts, as claimed by the appellees, and praying for a mandatory decree requiring the mortgagee to release the homestead lot.

Construing the agreement, in the light of the evidence before him, the master decided that the homestead lot was pledged only for the payment of $1000 of the purchase-money, and the other tract was bound for the residue ; that the payments, as made by the mortgagors, were first applicable to the $1000, and accrued interest thereof, in relief of the homestead lot, and as soon as that sum, principal and interest, was paid, the appellees were entitled to the release. The court adopted the conclusion of the master and made a decree that upon the payment of $120.38, which was found to be the balance of the $1000 and interest, the appellant should execute the release contemplated by the proviso above quoted.

On behalf of appellant, it is claimed, among other things, that the appellees had a full and adequate remedy at law; and hence their bill should have been dismissed for want of jurisdiction. We do not think so. While the appellees may not have been without remedy in an action at law, it cannot be said that they had any remedy as complete and adequate as that afforded by a bill in equity. It is not pretended that the case is within the statute relating to the satisfaction of mortgages. As already observed Mrs. Fox was surety for her husband to the extent of her separate estate pledged for his debt; and, if it was agreed that the homestead of the mortgagors should be included in the mortgage as special security for the first $1000 of the purchase-money, with the distinct agreement that as soon as that sum with its interest was paid, the special security, in which alone Mrs. Fox was directly interested, should be released, they were clearly entitled to have the agreement to release specifically executed as soon as the condition precedent was performed. They were not bound to wait and take the risk of making special defence on the trial of the scire facias, and in the meantime suffer the homestead to remain apparently covered by the mortgage. The court was right, under the circumstances, in asserting its jurisdiction of the case as presented in the bill, and in adopting the conclusions of the master so far as they were necessary to support the decree as to the main subject; but, we think there was error in imposing any part of the costs on

15 NORRIS—31

[Saeger's Appeal.]

the appellant. While it is true he demanded the payment of more money than he was entitled to before he would release the homestead lot, the appellees had not paid or tendered a sum sufficient to entitle them to the release. In strictness the court might have dismissed the bill when it was ascertained that the full amount had not been paid or tendered before it was filed; but this would have resulted in requiring them to pay the costs, and perhaps, after paying or tendering the full amount required, to commence *de novo* by filing a new bill, &c. In equity proceedings, when such expense and delay can be avoided, without prejudice to the rights of either party, there is no good reason why it should not be done. If the appellees are required to pay the costs and also $120.38, residue of the $1000, found to be yet due the appellant, with interest thereon from date of the decree, equal and exact justice, as nearly as may be, will be done.

> The decree of the Court of Common Pleas, except so much thereof as relates to costs, is affirmed; and, in lieu of said excepted portion of said decree, it is now adjudged and decreed that the appellees pay the costs, including the costs of this appeal, and for the purpose of enforcing the decree, as thus modified, the record is now remitted.